**Tineke Leonora MALONDA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–74027.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2009.*

Filed Jan. 22, 2009.

David M. Haghighi, Los Angeles, CA, for Petitioner.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Paul Fiorino, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. Petr. 34(a)(2).

Before: O'SCANNLAIN, BYBEE, and CALLAHAN, Circuit Judges.

### MEMORANDUM **

Tineke Leonora Malonda, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence adverse credibility findings, *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004), and de novo claims of due process violations, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the IJ's determination that Malonda failed to timely file her asylum application because the underlying facts are disputed. *Cf. Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir.2007) (per curiam).

We deny Malonda's due process contention because she has not established any error of law by the agency. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000).

Substantial evidence supports the IJ's adverse credibility determination because the IJ had reason to question Malonda's credibility based on the inconsistency between her testimony and documentary evidence regarding how she escaped from her alleged attackers, Malonda failed to produce non-duplicative, material, easily available corroborating evidence, and she did not provide a credible explanation for this failure. *See Sidhu v. INS*, 220 F.3d 1085, 1092 (9th Cir.2000). Accordingly, Malon-

da's withholding of removal claim fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Substantial evidence also supports the IJ's denial of CAT relief because Malonda did not establish a likelihood of torture by, at the instigation of, or with the consent or acquiescence of the Indonesian government. *See Arteaga v. Mukasey*, 511 F.3d 940, 948–49 (9th Cir.2007).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**